IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN KLIESH, | : | |
| | : | CIVIL ACTION |
| **Plaintiff,** | : | |
| | : | |
| v. | : | |
| | : | **NO. 21-733** |
| REDEVELOPMENT AUTHORITY OF | : | |
| BUCKS COUNTY; ALLEN TOADVINE, | : | |
| And JUDGE RAYMOND F. MCHUGH, | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM OPINION

**Goldberg, J.**                                              **February 22, 2023**

The above-captioned matter arises from an eminent domain taking in Bucks County, Pennsylvania. *Pro se* Plaintiff John Kliesh claims that Defendants Redevelopment Authority of Bucks County ("RABC"), RABC's Solicitor Allen Toadvine, and Bucks County Judge Raymond F. McHugh committed fraud, violated the Dragonetti Act,[1] and deprived him of due process. Currently pending is (1) Defendant Judge McHugh's Motion to Dismiss, and (2) Defendants RABC and Toadvine's Motion to Dismiss and/or for a More Definite Statement. For the reasons set forth herein, I will grant Defendants' Motions.

## I.    FACTUAL BACKGROUND[2]

Plaintiff's Complaint is thirty-three pages without distinct counts or causes of action. Cognizant of Plaintiff's *pro se* status, I have attempted to discern and set out the "core" allegations.

---

[1]    Pennsylvania's Wrongful Use of Civil Proceedings provision is referred to as the "Dragonetti Act" and is codified at 42 Pa. C.S. § 8351.

[2]    In deciding a motion under Federal Rule of Civil Procedure 12, the court must accept all factual allegations in the complaint as true, construe the complaint in the light most favorable to the plaintiff, and determine whether, under any reasonable reading, the plaintiff may be entitled to relief. Atiyeh v. Nat'l Fire Ins. Co. of Hartford, 742 F. Supp. 2d 591, 596 (E.D. Pa. 2010).

Plaintiff is the former owner of property located at 22 Delaware Avenue in Morrisville, Pennsylvania.  (ECF No. 1 at 19 ¶ E.)   Pursuant to Section 12.1 of the Pennsylvania Urban Redevelopment Law, Act of May 24, 1945, P.L. 991, *as amended*, 35 P.S. §§ 1701, *et seq.*, Defendant RABC initiated eminent domain proceedings against Plaintiff on the basis of blight.  (ECF No. 1-1 at 5 ¶ 4.)  On September 30, 2019, Notice of the September 25, 2019 filing of the Declaration of Taking was sent to Plaintiff—both at the subject Property and the address where Plaintiff was physically located— via Certified United States Mail by Defendant RABC's attorney, Defendant Allen Toadvine.  (ECF No. 1-1 at 2-3.)  The Notice provided Plaintiff with a copy of the Declaration of Taking, the docket number for the case, and the procedure for filing Preliminary Objections.  (Id. at 2–10.)

On October 16, 2019, Plaintiff timely filed Preliminary Objections to the Taking in the Bucks County Court of Common Pleas, alleging that the Borough of Morrisville has been "Harassing and Attempting to DEFRAUD 'Kliesh' out of Money and his Property, which started in 2012."  (Id. at 12– 13) (capitalization and quotation marks in original).   Plaintiff further maintained he wanted to sell the subject property on his own for years but was unable, due to a "FRAUDULENT Mortgage filed against it." (Id. at 13.) (capitalization in original).  While litigating the allegedly "fraudulent" mortgage, Plaintiff claims he was repeatedly at the mercy of judges who lacked jurisdiction and prevented him from enforcing his rights.  (Id.)  Plaintiff believed the answer to all of the issues regarding the subject property was for him to pursue a Quiet Title action but that Defendant RABC and other judges in the Bucks County Court of Common Pleas wrongfully denied him the opportunity to do so.  (Id. at 14.)

In his Objections to the proposed taking, Plaintiff made several allegations:

- He claimed that the Borough of Morrisville denied him access to the subject property since 2014 and that he had not been in control of said property since December 10, 2018.  (Id. at 14 ¶ B.)

- He accused the Borough of conspiring with judges of the Bucks County Court of Common Pleas, and he accused those judges of procedural misconduct, lack of jurisdiction over his cases, and treason pertaining to the tax liens placed against the property.  He alleged judges of the Bucks County Court of Common Pleas had a "ven[d]etta" against him since litigation of a 2003 child custody matter involving Plaintiff, and that they continue to harass him as a result.  (Id. at 15– 18.)

2

- He objected to the allegedly unlawful taking of the subject property through eminent domain proceedings and the fact that the Declaration of Taking did not list exactly what conditions rendered the property "blighted." (Id. at 20 ¶ G.) Within the same discussion, he acknowledged: (1) in 2018, the Bucks County Board of Health was considering condemning the property; (2) the lawn was overgrown; and, (3) there was an abandoned 30-foot boat on the property. (Id. at 20–21.)

- He claimed he was improperly prevented from selling the property because of the allegedly fraudulent mortgage attached to the deed. (Id. at 23.)

- Finally, he objected on the basis that he would have been more than happy to sell the property to Defendant RABC but instead they acted "unlawful[ly]" and in "bad faith" by initiating eminent domain proceedings. (Id. )

Although these Objections were rejected by Court of Common Pleas and Commonwealth Court, Plaintiff now avers Defendant RABC was without legal authority to initiate eminent domain proceedings against him and that it failed to follow the law in doing so. He further alleges RABC failed to properly pay him for the property and, through the assistance of their Solicitor, Toadvine, committed a Wrongful Use of Civil Proceedings. To that end, Plaintiff alleges that Toadvine was aware that he was without legal authority to file the Declaration of Taking against the subject property and, in the process, falsified court documents and committed fraud. (ECF No. 1 at 6, 10, 12–15.)

With regard to Defendant Judge McHugh, Plaintiff claims that Judge McHugh "acted well out of his relm [sic] of jurisdiction" with respect to the eminent domain litigation by failing to follow certain procedural rules, thereby rendering his January 10, 2020 Order in the eminent domain case untimely. Plaintiff further alleges Defendant McHugh "refused to send [Plaintiff] a copy of his Order" and "even withheld his Order from the (Clerks Office) until (1-15-20)[.]" As such, Plaintiff concludes that, while he received a copy of the Order on January 24, 2020, Judge McHugh was attempting to conceal the Order to deny Plaintiff his right to reconsideration or appeal. (Id. at 21–24.)

Although Plaintiff filed a Motion for Reconsideration of the Eminent Domain holding, followed by a timely Notice of Appeal, he alleges that Judge McHugh violated various procedural rules with regard to the appeal process, and he takes issue with essentially every aspect of Judge McHugh's opinion

to the Pennsylvania Commonwealth Court.  (Id. at 21–31.)  Plaintiff then alleges that, on appeal, the

Commonwealth Court failed to comply with its own Internal Operating Procedures, improperly issued

an Order that was time-stamped after business hours, and did not indicate exactly who filed the Order

or from where.  (Id. at 31–32.)

Finally, Plaintiff cites to all of his previous court cases, beginning with a custody case involving

a son he hasn't seen since 2002, then "a ten year Court battle" regarding his foreclosure, followed by

litigation of tax liens against him by the Borough of Morrisville for unpaid trash collection taxes,

followed by yet another tax lien matter involving the School District for failure to pay taxes Plaintiff felt

he should be exempt from, and finally, the instant litigation.  (Id. at 32–35.)

## II.     STANDARD OF REVIEW

Rule 12(b)(1) permits courts to dismiss claims for want of subject matter jurisdiction.  Fed. R.

Civ. P. 12(b)(1).  The Third Circuit has recognized that "'the Eleventh Amendment is a jurisdictional

bar which deprives federal courts of subject matter jurisdiction.'"  Blanciak v. Allegheny Ludlum Corp.,

77 F.3d 690, 694 n.2 (3d Cir. 1996) (citing Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89,

98–100 (1984)).  Thus, Rule 12(b)(1) serves as the proper means by which to challenge the propriety of

federal jurisdiction by reason of the Eleventh Amendment.  Id.

A challenge to subject matter jurisdiction under Rule 12(b)(1) may take two forms: a facial attack

or a factual challenge.  U.S. ex rel. Atkinson v. PA. Shipbuilding Co., 473 F.3d 506, 514 (3d Cir. 2007)

(citing Gould Elecs., Inc. v. U.S., 220 F.3d 169, 178 (3d Cir. 2000)).  A Rule 12(b)(1) motion asserting

sovereign immunity under the Eleventh Amendment is "properly treated as a facial challenge."  Sixth

Angel Shepherd Rescue Inc. v. West, 790 F. Supp. 2d 339, 349 (E.D. Pa. 2011).  When considering a

facial challenge, the court "must consider the allegations of the complaint as true."  Mortensen v. First

Fed. Sav. & Loan. Ass'n, 549 F.2d 884, 891 (3d Cir. 1977).  Moreover, the court "must only consider

the allegations of the complaint and documents referenced therein and attached thereto, in the light most

favorable to the plaintiff."  Gould, 220 F.3d at 176 (internal citations omitted).

In this case, Defendants raise a facial challenge to subject matter jurisdiction.

### III.    DISCUSSION

####    A. <u>**Defendant McHugh's Motion to Dismiss**</u>

Judge McHugh seeks dismissal of Plaintiff's action on the bases of judicial immunity, sovereign immunity, and the <u>Rooker-Feldman</u> and <u>Younger</u> abstention doctrines.  Because judicial immunity squarely applies, Judge McHugh is exempt from suit and I need not address Judge McHugh's remaining arguments.

It is well settled that when determining whether a judge should be entitled to judicial immunity, "[the reviewing court] must engage in a two-part inquiry . . . First, a judge is not immune from liability for nonjudicial actions, i.e., actions not taken in the judge's judicial capacity.  Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction."  <u>Gallas v. Supreme Court of Pa.</u>, 211 F.3d 760, 768 (3d Cir. 2000) (quotation marks omitted) (internal citations omitted).  "To determine whether an act is 'judicial,' we must look to the 'nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the [body] in [its] judicial capacity."  <u>Keystone Redevelopment Partners, LLC v. Decker</u>, 631 F.3d 89, 103 (3d Cir. 2011) (citing <u>Stump v. Sparkman</u>, 435 U.S. 349, 362 (1978)).  If these requirements are met, immunity will not be revoked even if the judge's actions were part of an alleged conspiracy.  <u>Dennis v. Sparks</u>, 449 U.S. 24, 26–27 (1980); <u>see also</u> <u>Harvey v. Loftus</u>, 505 F. App'x 87, 90 (3d Cir. 2012) (affirming finding of judicial immunity where the plaintiff alleged her attorney conspired with the presiding judge to have her accept a settlement offer); <u>Keisling v. Renn</u>, 425 F. App'x 106, 108 (3d Cir. 2011) (affirming finding of judicial immunity where the plaintiff alleged various judges "violated his rights by entering a series of orders against him.").

Plaintiff does not contest the fact that Judge McHugh's actions were "judicial" in nature. Instead, he alleges Judge McHugh did not have jurisdiction over the condemnation matter.  However, other than summarily concluding all Defendants conspired against him and accusing Judge McHugh of

violating procedural protocols with regard to the manner in which his Orders were issued while presiding over a "fraudulent" condemnation procedure, Plaintiff's jurisdictional claim is devoid of any meritorious factual basis.  (ECF No. 1 at 22.)  Indeed, the Pennsylvania Commonwealth Court already determined, "[a]s the [RABC] met [the condemnation Declaration] requirements, we see no abuse of discretion by the Trial Court, and we see no error in the Trial Court's determination that the [RABC] satisfied the legal requirements to condemn the Property and that Condemnee did not make compelling arguments to the contrary in his preliminary objections."  In re Condemnation of Land in Morrisville Borough, Bucks Cty., Pa. at 22 Del. Ave., No. 143 C.D. 2020, 2020 Pa. Commw. Unpub. LEXIS 497, at *16-17 (Pa. Commw. Oct. 16, 2020).

Because Plaintiff has not alleged that Judge McHugh's purported wrongdoing was not a "judicial act," and because the state courts have already determined that Judge McHugh properly ruled upon the underlying condemnation matter, there is no merit to Plaintiff's claim that Judge McHugh was without jurisdiction to preside over that matter.  Accordingly, Judge McHugh's motion to dismiss shall be granted.

## B. **Defendants RABC & Toadvine's Motion to Dismiss**

Defendants RABC and Toadvine similarly move for dismissal of Plaintiff's Complaint for lack of subject matter jurisdiction.  These Defendants assert: 1) Plaintiff's claims are all grounded in state law and therefore do not invoke this Court's subject matter jurisdiction, and (2) Plaintiff's claims are nevertheless barred by the doctrine of res judicata.  (ECF No. 11-2 at 2.)  Alternatively, Defendants RABC and Toadvine seek relief under Fed. R. Civ. P. 12(b)(6) and 12(e), contending Plaintiff fails to plead any cognizable claim and his Complaint does not comply with the pleading requirements set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff's Response to Defendants RABC and Toadvine's Motion does not address any of the substantive issues presented therein but, instead, is an attack on clerical omissions and/or errors allegedly committed by counsel, the court, and the United States Postal Service.  Because Plaintiff's Complaint

contains no discernable federal question and is nothing more than an attempt to relitigate the state court condemnation proceeding, I am without jurisdiction to hear these claims.

        1.   <u>Subject-Matter Jurisdiction</u>

A federal court has subject matter jurisdiction over a case if the case raises a federal question or if diversity exists.  <u>See</u> 28 U.S.C.S. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."); 28 U.S.C.S. § 1332(a)(1) ("The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between—(1) Citizens of different States[.]").

Here, Plaintiff has indicated on his Civil Cover Sheet that a "U.S. Government Defendant" is involved and there is a "federal question."  (ECF No. 1 at 1.)  Clearly, none of the named Defendants are members of the United States Government.  Further, although the term "due process" appears five times in Plaintiff's Complaint, the contexts in which it appears are irrelevant to the dispositive principles of the doctrine.  For instance, Plaintiff claims Toadvine denied Plaintiff due process by "fraudulently [claiming Plaintiff's] property," through the falsification of court records and preparation and filing of the Declaration of Taking.  (<u>Id.</u> at 12–13.)  However, as the Pennsylvania Commonwealth Court concluded on appeal, the Declaration of Taking regarding 22 Delaware Avenue was wholly proper.  <u>In re Condemnation of Land in Morrisville Borough, Bucks Cty., Pa. at 22 Del. Ave.</u>, 2020 Pa. Commw. Unpub. LEXIS 497, at *16-17.  As such, this claim by Plaintiff is unfounded.

Plaintiff next contends Defendant Toadvine deprived Plaintiff of his "due process" rights by denying him discovery before approving the Declaration of Taking.  (ECF No. 1 at 19.)  However, the ultimate decision regarding whether discovery is warranted in a case is left to the sole discretion of the trial court.  <u>Tullytown Borough v. Armstrong</u>, 129 A.3d 619 (Pa. Commw. Dec. 11, 2015) (citing <u>Pelzer v. Wrestle</u>, 49 A.3d 926, 929 (Pa. Commw. 2012)).  Accordingly, Toadvine cannot be held accountable on this basis.  As Plaintiff's Complaint is devoid of any allegations that could potentially constitute *any*

legal wrongdoing by Defendant Toadvine, the purported "due process" claims against him are necessarily without merit.

With respect to Plaintiff's due process claims against Defendant RABC, there are none. Other than Plaintiff's conclusory allegation that all Defendants "deni[ed] [him] due process of civil law," his Complaint is devoid of *any* facts regarding a potential due process claim against Defendant RABC. (ECF No. 1 at 3, 20.)

Because Plaintiff's Complaint presents no federal question and diversity of the parties is non-existent in this case, this Court is without jurisdiction.

###### 2.   Res Judicata

Assuming *arguendo* federal jurisdiction otherwise exists in this case, "[t]he Supreme Court has made clear that '[a] final judgment on the merits of an action precludes the parties . . . from relitigating issues that were or could have been raised in that action.'" Sydnor v. OPM, 336 F. App'x 175, 181 (3d Cir. 2009) (quoting Federated Dep't Stores v. Moitie, 452 U.S. 394, 398 (1981)).

The Complaint here challenges the Declaration of Taking and seeks to relitigate the Preliminary Objections Plaintiff filed with the Bucks County Court of Common Pleas in opposition to same. (ECF No. 1, 1-1.) All the claims against Defendants RABC and Toadvine as contained within the instant Complaint have either been previously raised by Plaintiff and disposed of by the state courts or could have been. Specifically, the Commonwealth Court rejected Plaintiff's claims of Fraud and Wrongful Use of Civil Proceedings in relation to the condemnation proceeding, as well as the individual conduct Plaintiff challenges herein. In re Condemnation of Land in Morrisville Borough, Bucks Cty., Pa. at 22 Del. Ave., 2020 Pa. Commw. Unpub. LEXIS 497, at *17.

Accordingly, even if it was initially determined this Court possessed jurisdiction over the instant matter, Plaintiff's Complaint would necessarily be dismissed in accordance with res judicata mandates.

3.   Failure to State a Claim and More Definite Statement

As alternatives to dismissal, Defendants RABC and Toadvine move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim, or an Order directing Plaintiff to file a more definite statement, pursuant to Fed. R. Civ. P. 12(e).  Inasmuch as Plaintiff's Complaint is not properly before this Court for lack of jurisdiction, Defendants' remaining requests for relief are moot.[3]

**IV.     CONCLUSION**

For the foregoing reasons, all Defendants' Motions to Dismiss shall be granted.  An appropriate Order follows.

---

[3]      When ruling on motions to dismiss, particularly when a *pro se* litigant is involved, a court ordinarily assesses whether amendment would be appropriate.  However, because of the jurisdictional deficiencies in this particular matter, the need for any such assessment is obviated.